2008 ND 68

**BRUCE J. WENZEL ESTATE,**
**Plaintiff and Appellee**

v.

**Curtis WENZEL, Defendant**
**and Appellant.**

**No. 20070264.**

Supreme Court of North Dakota.

April 17, 2008.

Duane H. Schurman, Schurman Law Firm, Walhalla, ND, for plaintiff and appellee.

Neil W. Fleming (argued) and Lawrence D. DuBois (on brief), Fleming, DuBois & Fleming, PLLP, Cavalier, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Curtis Wenzel appealed a district court judgment and amended judgment regarding assets he owned jointly with the Bruce J. Wenzel Estate ("Estate"). We reverse and remand for further proceedings in accordance with this opinion.

I.

[¶ 2] Curtis and Bruce Wenzel jointly owned land, buildings and machinery used for agricultural purposes. After Bruce Wenzel's death in October 2004, Curtis Wenzel and the Estate could not agree on how to sell or partition the assets. Since 2005, Curtis Wenzel has used the farm machinery without paying rent to the Estate and has paid certain bills related to the assets. The Estate disputed several bills incurred by Wenzel, including bills for machinery repairs and manure cleaning.

[¶ 3] After a February 2007 bench trial, the district court divided the land and ordered Wenzel to buy out the Estate's share of the farm machinery for the sum of $74,300. In reaching this amount, the district court gave Wenzel credit for one-half of certain bills he paid, but gave him no credit for a 2006 combine repair bill and only one-third credit for a 2006 manure cleaning bill. The Estate was awarded interest at the rate of six percent in lieu of Curtis Wenzel paying rent for his use of the machinery. The amended judgment differs from the original judgment only in that it contains an amended paragraph reflecting Curtis Wenzel's failure to exercise an option to buy a particular tract of

land from the Estate instead of being awarded less tillable acres.

## II.

[¶ 4] Curtis Wenzel argues the district court erred as a matter of law in partitioning the farm machinery by ordering him to pay the Estate for one-half the value of the jointly owned machinery.

[¶ 5] A trial court's findings in a partition action will not be reversed on appeal unless they are clearly erroneous. *McKechnie v. Berg*, 2003 ND 136, ¶ 11, 667 N.W.2d 628. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. *Id.* Questions of law are fully reviewable on appeal. *Kienzle v. Selensky*, 2007 ND 167, ¶ 9, 740 N.W.2d 393.

[¶ 6] Section 32–16–01, N.D.C.C., provides that when several co-tenants hold and are in possession of "real or personal property as partners, joint tenants, or tenants in common" an action "may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein and for a sale of such property or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners." The statute further provides that "[r]eal and personal property may be partitioned in the same action." *Id.*

[¶ 7] Partition is an equitable remedy governed by equitable principles. *McKechnie*, at ¶ 11. Trial courts have "wide judicial discretion in partition actions to 'do equity' and to make a fair and just division of the property or proceeds between the parties," and "great flexibility in fashioning appropriate relief for the parties." *Id.* (citation omitted). While this Court has stated that forced sales are strongly disfavored, *Schnell v. Schnell*, 346 N.W.2d 713, 716 (N.D.1984), they remain an option. However, the parties have not cited, and we have not found, a case or statute in this jurisdiction or other jurisdictions that authorizes forced purchases by ordering one party to buy another party's share of jointly owned property, absent a prior agreement to purchase. *See, e.g.*, 59A Am.Jur.2d, Partition §§ 11, 181 (1987) (discussing the powers of courts in equitable remedies but not mentioning forced purchases).

[¶ 8] In support of the forced purchase, the Estate cites to N.D.C.C. § 32–16–41, which provides that when partition cannot be made equal between the parties without prejudice to the rights and interests of some of them, and a partition is ordered, "the court may adjudge compensation to be made by one party to another on account of the inequality. . . ." The statute further provides that "[i]n all cases, the court has power to make compensatory adjustment between the respective parties according to the ordinary principles of equity." *Id.* We do not equate the authority "to make compensatory adjustment between the respective parties" with the authority to require a party to purchase property the party does not wish to purchase when the remedy of a forced sale is available. The complexities of the remedy of a forced purchase are too great and we are unwilling to imply a power to require such a remedy without specific statutory authority akin to the existing statutory authority to require a forced sale.

[¶ 9] The only other authority cited by the Estate to support the notion of a forced purchase are statutes governing partnership law. The district court specifically found a partnership did not exist between Curtis and Bruce Wenzel. Furthermore, the statutes governing partner-

ships specifically provide for forced purchases in some instances. *See, e.g.,* N.D.C.C. § 45–19–01.

[¶ 10] We conclude a trial court's equitable powers in partition actions do not include the power to order one party to buy out the other party's share of jointly owned property.

[¶ 11] We remand for the district court to determine whether the personal property can be partitioned without great prejudice to the parties, and if not, to order a sale of the machinery in its entirety. Although Curtis Wenzel argues he is entitled to partition-in-kind, that may not necessarily be without great prejudice in this case in light of the amount of time that has passed and Curtis Wenzel's sole use of the machinery since 2005 without rent payments. On remand, the district court should also determine whether the Estate is entitled to interest or fair rental value as compensation for the period of time in which the machinery was used solely by Curtis Wenzel.

### III.

[¶ 12] Curtis Wenzel also argues that the district court erred in denying him credit for a 2006 combine repair bill, in only allowing credit for one-third of a 2006 manure cleaning bill and in awarding him lesser-valued grain storage.

[¶ 13] After hearing the testimony, the district court found the machinery was used solely by Curtis Wenzel from 2005 to 2007, that part of the manure bill was for manure accumulated after Bruce Wenzel's death in 2004 and that the manure was spread solely on Curtis Wenzel's land. Counsel for Curtis Wenzel admitted that the district court likely took into account the location of the grain bins when dividing the grain storage and the grain storage was divided equally based on bush-

els of storage. Further, the district court heard testimony regarding alleged damage to grain bins. The task of weighing the evidence and judging the credibility of witnesses belongs to the trier of fact, and we do not reweigh credibility nor resolve conflicts in the evidence. *McKechnie v. Berg,* at ¶ 19. The district court was not clearly erroneous in disallowing credit for the 2006 combine repair bill, in allowing credit for one-third of the manure bill and in its division of the grain storage.

[¶ 14] We reverse and remand for further proceedings in accordance with this opinion.

[¶ 15] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.