# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 27

In the Matter of the Estate of Sharleen Albrecht, Deceased

| | |
|---|---|
| Mark Albrecht, Personal Representative, | Petitioner and Appellee |
| v. | |
| Alan Albrecht, | Respondent and Appellee |
| and | |
| Matthew Albrecht, | Respondent |
| and | |
| Glenvin Albrecht, | Claimant and Appellant |

### No. 20190180

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kasey D. McNary (argued), Fargo, North Dakota, for petitioner and appellee.

Alan J. Albrecht (argued), self-represented, Blaine, Minnesota, respondent and appellee.

Sara M. Monson (argued), Timothy M. O'Keeffe (on brief), and Stephen P. Welle (appeared), Fargo, North Dakota, for claimant and appellant.

# Estate of Albrecht
## No. 20190180

**Tufte, Justice.**

[¶1]   Glenvin Albrecht ("Glen Albrecht") appeals from a judgment entered in favor of the Estate of Sharleen Albrecht ("Estate") regarding certain assets in which he had an ownership interest.  Glen Albrecht argues the district court erred by finding Sharleen Albrecht also had an interest in the assets and the court abused its discretion by allowing personal representative's and attorney's fees.  We affirm.

I

[¶2]   In February 2010, Glen Albrecht sued Sharleen Albrecht for divorce after nearly 50 years of marriage.  Sharleen Albrecht died on July 29, 2013, before a final divorce judgment was entered.  The district court entered a final divorce judgment after her death, and this Court reversed the judgment, holding Sharleen Albrecht's death abated the divorce action.  *Albrecht v. Albrecht*, 2014 ND 221, 856 N.W.2d 755.

[¶3]   Sharleen Albrecht had a will, and Sharleen and Glen Albrecht's son, Mark Albrecht, was appointed personal representative of the Estate.  Glen Albrecht brought claims against the Estate, which the district court denied.  This Court affirmed the district court's decision on appeal.  *In re Estate of Albrecht*, 2018 ND 67, 908 N.W.2d 135.

[¶4]   In February 2017, the Estate petitioned for the return, partition, and sale of estate assets.  The Estate alleged Sharleen Albrecht owned a one-half interest in various farm machinery, equipment, and vehicles, which were in Glen Albrecht's control.  The Estate alleged a partition and sale of the assets was necessary to satisfy estate expenses.  Glen Albrecht objected to the petition, arguing Sharleen Albrecht did not have an ownership interest in the assets.

1

[¶5] Glen Albrecht and Alan Albrecht, Glen and Sharleen Albrecht's son, petitioned for the court to review the reasonableness of the Estate's attorney's fees and the personal representative's fees.

[¶6] On December 13, 2018, a court trial was held. The Estate argued it was entitled to a one-half interest in the farm equipment, machinery, vehicles, and grain held by Sharleen and Glen Albrecht as tenants in common at the time of her death; and it was entitled to half of the proceeds from the sale of the 2012 crops and half of the funds in the farm checking account on the date of her death. The Estate also requested the court approve the attorney's fees the Estate incurred during prior litigation and the personal representative's fees. Glen Albrecht argued the Estate was not entitled to the requested return, partition, and sale of the assets because Sharleen Albrecht did not have an ownership interest in them at the time of her death. He also argued the court should disallow the request for attorney's fees because the fees were not incurred to the benefit of the Estate and the personal representative's fees were unreasonable. Both parties filed proposed findings of fact, conclusions of law, and orders for judgment.

[¶7] The district court granted the Estate's petition, ordering the Estate was entitled to recover from Glen Albrecht $167,780.13 for the value of Sharleen Albrecht's one-half interest in the 2012 crops; $142,108.50 for Sharleen Albrecht's one-half interest in the farm equipment, machinery, and vehicles; and $20,538.54 for Sharleen Albrecht's one-half interest in the farm checking account. The court ordered the Estate was allowed to claim attorney's fees and other expenses of administration and the personal representative was allowed a total fee of $25,480 for his services. Judgment was entered.

II

[¶8] Glen Albrecht argues the district court erred by adopting the Estate's proposed findings of fact and conclusions of law verbatim.

[¶9] Rule 7.1, N.D.R.Ct., authorizes the district court to assign the preparation of proposed findings of fact and conclusions of law to one or more parties. Although we have expressed disapproval of a district court's wholesale

2

adoption of one party's proposed findings and conclusions, the findings become the court's findings when the court signs the findings. *Dale Expl., LLC v. Hiepler*, 2018 ND 271, ¶ 8, 920 N.W.2d 750. The findings will be upheld if they adequately explain the basis for the court's decision, unless they are clearly erroneous. *Id.* We will not reverse a district court's decision solely because the court adopts counsel's proposed findings. *In re Guardianship of P.T.*, 2014 ND 223, ¶ 8, 857 N.W.2d 367.

[¶10] We conclude the district court did not err by adopting the proposed findings of fact and conclusions of law.

## III

[¶11] Glen Albrecht argues the district court erred by concluding that he owned various equipment, vehicles, and machinery jointly with Sharleen Albrecht, that the Estate was entitled to half of the proceeds from the 2012 crops, and that the Estate was entitled to funds from his checking account.

[¶12] The district court exercises wide discretion in partition actions to "do equity" and make a fair and just division of the property or proceeds. *In re Estate of Loomer*, 2010 ND 93, ¶ 17, 782 N.W.2d 648. The district court's findings in a partition action will not be reversed on appeal unless they are clearly erroneous. *Bruce J. Wenzel Estate v. Wenzel*, 2008 ND 68, ¶ 5, 747 N.W.2d 103. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or this Court is convinced, on the basis of the entire record, that a mistake has been made. *Id.* Questions of law are fully reviewable. *Id.*

## A

[¶13] The Estate alleged Sharleen Albrecht owned a one-half interest in various equipment, machinery, and vehicles related to the farming operation, which were in Glen Albrecht's possession and control. The Estate sought reimbursement for the value of Sharleen Albrecht's interest in any of the assets Glen Albrecht sold.

[¶14] The district court found Glen and Sharleen Albrecht ran a farming operation together and the farm checking account was in both of their names. The court found the farming operation was not a corporation, partnership, or limited liability company, and Glen Albrecht testified that he and Sharleen Albrecht owned the machinery and vehicles. The court found the machinery and vehicles were owned by both Glen Albrecht and Sharleen Albrecht, explaining:

> Glen's prior testimony established that he and Sharleen acquired property, machinery, and real estate during their marriage. They did not have any debts. Glen testified there was no farming entity, such as a corporation, partnership, or a limited liability company. The farm machinery was owned by both Glen and Sharleen. The vehicles were also part of the farm operation. Because there was no separate farming entity, and there was no evidence of a joint tenancy interest, Sharleen had a one-half tenant in common interest in the farm assets, including the machinery, equipment, farm checking account, 2012 crop, and vehicles, at the time of her death on July 29, 2013.

The court concluded the Estate was entitled to one-half of the value or proceeds from the sale of the farm equipment, machinery, and vehicles. The court made findings about the value of each item as of the date of Sharleen Albrecht's death. The court found the total value of the equipment, machinery, and vehicles was $284,217, and ordered the Estate was entitled to recover $142,108.50 from Glen Albrecht for Sharleen Albrecht's interest in the assets.

[¶15] Glen Albrecht argues the district court erred as a matter of law by concluding he and Sharleen Albrecht jointly own the machinery, vehicles, and equipment. He contends the court incorrectly determined the property was jointly owned solely because Glen and Sharleen Albrecht were married. He claims the evidence established he is the sole owner of the equipment, machinery, and vehicles.

[¶16] Married people may own property separately. *See* N.D.C.C. § 14-07-04. A married couple may also own personal property as joint tenants or tenants in common. "Every interest created in favor of several persons in their own

4

right is an interest in common, unless acquired by them in partnership for partnership purposes, or unless declared in its creation to be a joint tenancy." N.D.C.C. § 47-02-08.

[¶17] The district court did not rely solely on the parties' marital status in deciding ownership of the property. Mark Albrecht testified his parents decided together whether to purchase equipment for the farm, and the funds used to purchase the equipment and vehicles came from Sharleen and Glen Albrecht's jointly owned farm bank account. Mark Albrecht testified his parents ran the farming operation together. Glen Albrecht testified during the trial that Sharleen Albrecht was employed outside the farm operation but she also helped with some of the farming, the farm bank account was in both their names, and the bank account was used to pay the farming expenses. During a March 2016 deposition, Glen Albrecht was asked who owned the equipment and vehicles and he testified, "[T]hey were owned by the farm. I suppose they were owned by both of us." Glen Albrecht testified during the trial that most of the equipment, machinery, and vehicles at issue were used in the farming operation, he and Sharleen Albrecht owned some of this property, and he inherited some of the property from his uncle. Although Glen Albrecht testified that he inherited some of the equipment and vehicles, he did not explain or provide any other evidence identifying which property he inherited.

[¶18] Glen Albrecht testified that a 1972 grain truck was titled in his name alone, but he did not present any documentary evidence and he did not present any evidence about the titles for any of the other vehicles. Glen Albrecht presented receipts for the purchase of three of the vehicles or equipment showing the assets were sold to him, but the district court did not find this evidence persuasive in determining ownership. This Court has recognized that having a legal title to a vehicle is strong evidence of an intention not to share the property, but it is not dispositive and the trial court may look beyond the legal title to determine ownership interests when the vehicle was purchased with funds from the parties' joint bank account. *See McKechnie v. Berg*, 2003 ND 136, ¶ 14, 667 N.W.2d 628.

5

[¶19] The evidence supports the district court's finding that Sharleen Albrecht had an ownership interest in the farm equipment, machinery, and vehicles at the time of her death.

B

[¶20] Glen Albrecht argues the district court erred by concluding the Estate was entitled to half of the proceeds from the crops grown in 2012. He contends any interest Sharleen Albrecht had in the crops as a result of being a joint tenant of the land on which the crops were grown terminated upon her death. He argues the court erred by failing to consider the expenses related to growing and harvesting the crops.

[¶21] The district court found Sharleen Albrecht maintained an interest in the proceeds from the sale of the 2012 crops. The court found Glen Albrecht sold the crops for a total of $325,560.25 and he did not pay any of the proceeds of the sale to Sharleen Albrecht or the Estate. The court explained, "Because Glen and Sharleen operated the farm together, she was entitled to one-half the proceeds from the crop sales regardless of whether the crops were sold prior to or after her death. The Estate is therefore entitled to one-half the value of the proceeds of the barley, soybeans, and corn in the amount of $167,780.13." The court found the expenses related to the crops were paid out of the farm checking account prior to Sharleen Albrecht's death, and Glen Albrecht did not present any evidence about expenses incurred after her death.

[¶22] The district court's decision to award half of the 2012 crop proceeds did not rely on Sharleen Albrecht's joint ownership of the land; rather, the court found she was entitled to half of the proceeds because Glen and Sharleen Albrecht operated the farm together. The evidence supports the court's findings.

C

[¶23] Glen Albrecht argues the district court erred by concluding the Estate was entitled to half of the funds in his checking account. He contends he was the only party to the account, Sharleen Albrecht was not listed as a beneficiary

6

or a P.O.D. designee, and he was therefore the sole owner and the Estate was not entitled to any of the funds in the account.

[¶24] The district court found the Estate was entitled to half of the funds in the farm account at the time of Sharleen Albrecht's death. The court found the balance of the joint farm account was $41,077.07 on July 29, 2013, the farm checking account was owned by Glen and Sharleen Albrecht, Glen Albrecht moved the funds in the farm checking account to a different bank, and he removed Sharleen Albrecht's name from the account. The court concluded the Estate was entitled to $20,538.54 for Sharleen Albrecht's interest in the farm checking account.

[¶25] Mark Albrecht and Glen Albrecht both testified the farm account was a joint checking account throughout the marriage and both Sharleen and Glen Albrecht were parties to the account. Evidence established that Glen Albrecht opened a new checking account solely in his name with another bank while the divorce was pending, he used the new account for operation of the farm, and he placed the proceeds from the sale of the 2012 crops in the new account. Glen Albrecht also testified Sharleen Albrecht still had an interest in the farm checking account after the new account was opened even though her name was not on the account. Evidence established the farm account had a balance of $41,077.07 on the day of Sharleen Albrecht's death.

[¶26] Section 30.1-31-08(2), N.D.C.C., provides:

> During the lifetime of all parties, an account belongs to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent. As between parties married to each other, in the absence of proof otherwise, the net contribution of each is presumed to be an equal amount.

Glen Albrecht testified the farm account originally belonged to both himself and Sharleen Albrecht and he moved the farm account to a different bank in his name alone after the divorce proceedings were initiated. The evidence supports the court's findings.

7

[¶27] Glen Albrecht also argues the court's decision resulted in a double recovery because the proceeds from the 2012 crops were deposited in the farm account and the Estate was awarded half of those crop sale proceeds in addition to half of the funds in the farm account. Glen Albrecht did not raise this issue before the district court. This Court will not consider questions raised for the first time on appeal. *In re Estate of Brandt*, 2019 ND 87, ¶ 32, 924 N.W.2d 762. Because Glen Albrecht did not raise this issue in the district court, we will not consider the issue.

IV

[¶28] Glen Albrecht argues the district court abused its discretion by allowing the Estate's claimed attorney's fees and the personal representative's fees. He claims the attorney's fees did not benefit the Estate as a whole because the fees related to his claims were incurred primarily for the benefit of the personal representative and the personal representative admitted the only benefit the Estate gained from incurring the fees was that Sharleen Albrecht's wishes were upheld. He also argues the personal representative was allowed an unreasonable amount of compensation.

A

[¶29] Under N.D.C.C. § 30.1-18-20, "If any personal representative . . . defends or prosecutes any proceeding in good faith, whether successful or not, the personal representative . . . is entitled to receive from the estate necessary expenses and disbursements, including reasonable attorney's fees incurred." For payment of attorney's fees, the personal representative's conduct must be in good faith, free from fraudulent intent, and for the benefit of the estate. *In re Estate of Peterson*, 1997 ND 48, ¶ 25, 561 N.W.2d 618. The district court has discretion in allowing attorney's fees, and the court's decision will not be reversed absent an abuse of discretion. *See In re Estate of Johnson*, 2017 ND 162, ¶ 18, 897 N.W.2d 921. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational process leading to a reasoned determination. *Id.*

[¶30] The district court found the Estate incurred significant attorney's fees and costs in defending the petitions filed by Alan Albrecht and Glen Albrecht while the claims were pending for years. The court found the personal representative testified the services were necessary to defend the Estate's interests and no contrary evidence was presented. The court explained:

> Defending against the petition filed by Alan challenging the Will was necessary to validate the Will and give effect to Sharleen's testamentary wishes. Defending against the claims made by Glen were also of benefit to the Estate because if Glen had prevailed the Estate would have been indebted to Glen for nearly more than $150,000.

(App. 40) The district court did not abuse its discretion by allowing the Estate's attorney's fees.

B

[¶31] Under N.D.C.C. § 30.1-18-19, a personal representative is entitled to reasonable compensation for his services. An award of personal representative's fees is reviewed under the abuse of discretion standard. *In re Estate of Hogen*, 2015 ND 125, ¶ 48, 863 N.W.2d 876.

[¶32] The district court allowed the personal representative's fees. The court found the personal representative provided 392 hours of service over more than five years, based on a spreadsheet the personal representative prepared, and the numbers of hours were reasonable given the nature of the matter.

[¶33] The district court adequately explained its decision to allow the requested personal representative's fees. The court did not act in an arbitrary, unreasonable, or unconscionable manner. We conclude the court did not abuse its discretion.

V

[¶34] Alan Albrecht filed an appellee's brief, arguing the district court's findings are clearly erroneous, the court abused its discretion by allowing the personal representative's and attorney's fees, and the court's decision should

be reversed. Alan Albrecht did not file a notice of appeal. "An appellee is entitled on appeal to attempt to save the judgment by urging any ground asserted in the trial court." *Kalvoda v. Bismarck Pub. Sch. Dist. #1*, 2011 ND 32, ¶ 14, 794 N.W.2d 454 (quoting *Livingood v. Meece*, 477 N.W.2d 183, 188 (N.D. 1991)). "A cross-appeal is necessary only if the appellee seeks a more favorable result on appeal than it received in the district court." *Kalvoda*, at ¶ 14. Alan Albrecht is seeking to have the district court's decision reversed. To the extent any of Alan Albrecht's arguments differ from Glen Albrecht's arguments, we do not address them.

## VI

[¶35] We have considered Glen Albrecht's remaining arguments and conclude they are either unnecessary to our decision or without merit. We affirm the judgment.

[¶36] Jerod E. Tufte
William A. Herauf, D.J.
Gerald W. VandeWalle
Daniel J. Crothers
Jon J. Jensen, C.J.

[¶37] The Honorable William A. Herauf, District Judge, sitting in place of McEvers, J., disqualified.