# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 73

Dr. Jacob Schmitz,                                    Plaintiff and Appellant

    v.

North Dakota State Board of
Chiropractic Examiners,                              Defendant and Appellee

### No. 20200310

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Michael J. Geiermann, Bismarck, ND, for plaintiff and appellant.

Seth J. O'Neill (argued), Assistant Attorney General, and Matthew A. Sagsveen (on brief), Solicitor General, Bismarck, ND for defendant and appellee.

# Schmitz v. State Board of Chiropractic Examiners
## No. 20200310

**VandeWalle, Justice.**

[¶1]  Dr. Jacob Schmitz appealed from a judgment entered after the district court granted the North Dakota State Board of Chiropractic Examiners' motion to dismiss for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6). Schmitz argues the court misapplied the law. We reverse, concluding the district court erred in its application of Rule 12(b)(6), and remand for further proceedings consistent with this opinion.

I

[¶2]  In March 2019, the North Dakota State Board of Chiropractic Examiners (the "Board") issued an administrative complaint against Schmitz, a chiropractor licensed by the Board. The administrative complaint initiated an administrative proceeding against Schmitz, which resulted in the administrative law judge ("ALJ") issuing a recommended order granting summary judgment to the Board. The ALJ declined recommending the disciplinary action that the Board should take against Schmitz. Instead, he noted six observations to aid the Board's determination of disciplinary action against Schmitz.

[¶3]  In April 2020, the Board noticed a special meeting, with Schmitz listed in the notice and agenda, including a footnote stating, "The governing body anticipates this topic may be discussed in Executive Session. The legal authority for Executive Session is N.D.C.C. [§] 44-04-19.1(2) Attorney Consultation." The Board held the meeting via conference call. Shortly after commencing, the Board moved the meeting into an executive session for approximately one hour and forty-five minutes. Schmitz alleges the Board discussed and established the following sanctions against him in the executive session: $30,000 in civil penalties; $33,000 for costs of the investigation and proceedings to date; $60,000 for recovery to reimburse the Board for costs of the proceedings related to attorney's fees; and monitoring of his practice for six

quarters at his expense. Following the meeting, Schmitz requested the recording of the Board's executive session. The Board denied the request.

[¶4] In May 2020, the Board held a regular meeting. The proposed agenda included approving the draft order for summary judgment against Schmitz, with a footnote providing, "[T]he governing body anticipates this topic may be discussed in Executive Session. The legal authority for Executive Session is N.D.C.C. [§] 44-04-19.1(1) Attorney Work Product and N.D.C.C. [§] 44-04-19.1(2) Attorney Consultation." Soon after the meeting began, the Board went into executive session for approximately thirty-five minutes. After the executive session, the Board voted to confirm the sanctions against Schmitz. Schmitz requested the recording of this executive session, and was denied by the Board.

[¶5] In June 2020, Schmitz commenced this lawsuit, alleging the Board violated the law on access to public records and meetings. The Board moved to dismiss for failure to state a claim upon which relief can be granted. After a hearing, the district court granted the Board's motion and dismissed the complaint.

II

[¶6] Schmitz argues the district court erred by granting the Board's Rule 12(b)(6), N.D.R.Civ.P., motion to dismiss. Our review of a dismissal under Rule 12(b)(6) is well-established:

> A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)[6] tests the legal sufficiency of the claim presented in the complaint. On appeal from a dismissal under N.D.R.Civ.P. 12(b)[6], we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal.

*Krile v. Lawyer*, 2020 ND 176, ¶ 15, 947 N.W.2d 366 (cleaned up). "A court's scrutiny of pleadings should be deferential to the plaintiff, unless it is clear

2

there are no provable facts entitling the plaintiff to relief." *Rose v. United Equitable Ins. Co.*, 2001 ND 154, ¶ 10, 632 N.W.2d 429. Because determinations on the merits are generally preferred to dismissal on the pleadings, Rule 12(b)(6) motions are viewed with disfavor. *Id.* "The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted." *Johnson & Maxwell, Ltd. v. Lind*, 288 N.W.2d 763, 765 (N.D. 1980).

[¶7]   Schmitz alleges in his complaint that the Board violated laws on access to public records and meetings.

[¶8]   Under N.D.C.C. § 44-04-18(1), all records of a public entity are public records, open and accessible for inspection during reasonable office hours, except as otherwise provided by law. "Upon request for a copy of specific public records, any entity subject to subsection 1 shall furnish the requester one copy of the public records requested." N.D.C.C. § 44-04-18(2). "Attorney work product is exempt from section 44-04-18." N.D.C.C. § 44-04-19.1(1).

[¶9]   All meetings of a public entity must be open to the public, except as otherwise provided by law. N.D.C.C. § 44-04-19. "Attorney consultation is exempt from section 44-04-19. That portion of a meeting of a governing body during which an attorney consultation occurs may be closed by the governing body under section 44-04-19.2." N.D.C.C. § 44-04-19.1(2).

> "Attorney consultation" means any discussion between a governing body and its attorney in instances in which the governing body seeks or receives the attorney's advice regarding and in anticipation of reasonably predictable or pending civil or criminal litigation or adversarial administrative proceedings or to receive its attorney's advice and guidance on the legal risks, strengths, and weaknesses of an action of a public entity which, if held in public, would have an adverse fiscal effect on the entity. *All other discussions beyond the attorney's advice and guidance must be made in the open, unless otherwise provided by law.* Mere presence or participation of an attorney at a meeting is not sufficient to constitute attorney consultation.

N.D.C.C. § 44-04-19.1(5) (emphasis added). "A governing body may hold an executive session to consider or discuss closed or confidential records." N.D.C.C. § 44-04-19.2(1).

[¶10] Schmitz contends the district court failed to accept as true the allegations in the complaint. The complaint provides the ALJ issued a recommended order for summary judgment in favor of the Board, but did not propose any sanctions against Schmitz. The Board held a meeting in April 2020, with only two items on the agenda: 1) Schmitz, and 2) per diem. Shortly after beginning the meeting, the Board went into executive session, which lasted approximately one hour and forty-five minutes. After the meeting opened back up to the public, the Board assessed $123,000 in penalties, costs, and fees against Schmitz, and required his practice to be monitored for six quarters at his expense. Schmitz alleges the Board discussed and established these sanctions in the executive session. Schmitz requested the recording of the Board's executive session, and the Board denied the request. The Board held another meeting in May 2020. The proposed agenda included approving the draft order for summary judgment against Schmitz. Soon after the meeting began, the Board went into executive session for approximately thirty-five minutes. After the executive session, the Board voted to confirm the sanctions against Schmitz. Schmitz requested the recording of this executive session, and was denied by the Board.

[¶11] Schmitz claims the Board violated N.D.C.C. § 44-04-19 because the discussion during the executive sessions went beyond the attorney's advice and guidance, so as to require such discussion to be public. Further, he claims the Board violated N.D.C.C. § 44-04-18 by failing to provide him with a copy of the recordings of the executive sessions. Accepting the allegations in the complaint as true, which we must do for purposes of a N.D.R.Civ.P. 12(b)(6) motion to dismiss, we conclude Schmitz has stated a claim upon which relief could be granted.

[¶12] The Board argues some of the allegations in the complaint are conclusory or speculative, and should be disregarded, relying on *Brakke v. Rudnick*, 409 N.W.2d 326 (N.D. 1987). In *Brakke*, the Court concluded that the trial court

4

did not err in dismissing the complaint against the twenty-seven defendants because of insufficient service of process. *Id.* at 331-32. As an additional and independent reason for dismissal, the trial court determined the complaint failed to state a claim for relief. *Id.* at 328. In relation to some of the allegations in the complaint, the Court stated:

> Although we recognize the complaint does contain generic allegations that the "defendants" conspired to deny the plaintiffs due process of law, the allegations are merely conclusory statements unsupported by allegations of factual circumstances specifically relating to any of the defendants. We do not believe that those generic allegations are sufficient to state a cause of action as to any specific defendants.

*Id.* at 333 (citations omitted).

[¶13] Here, the complaint does not contain generic allegations against unnamed defendants. It contains specific allegations against the Board relating to access to public records and meetings. We decline to extend the limited rule in *Brakke* to the facts of this case. The complaint states a claim for relief. Because the district court erred in its application of Rule 12(b)(6), we reverse.

[¶14] Schmitz provided several prayers for relief in his complaint, including for the district court to declare the executive sessions, or portions thereof, violated the open meetings law, and order the recordings, or portions thereof, be provided to Schmitz and made public. Attorney work product and attorney consultation are exempt from the general laws on access to public records and meetings. *See* N.D.C.C. §§ 44-04-19.1(1), 44-04-19.1(2). Accordingly, after an in camera review, to the extent the district court determines on remand that the recordings of the executive sessions, or discussion therein, went beyond the scope of attorney consultation or attorney work product, we direct the court to require disclosure of the recordings or discussion to only those matters not exempt under the law.

## III

[¶15] We reverse the judgment and order granting the Board's motion to dismiss, and remand for further proceedings consistent with this opinion.

[¶16] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte