# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 159

In the Matter of the Estate of Janel Finch, deceased

Christine Binstock, Personal Representative,        Petitioner and Appellee

v.

Mathew Finch,        Respondent and Appellant

## No. 20210029

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Jordan L. Selinger, Dickinson, ND, for petitioner and appellee; submitted on brief.

Brian C. Balstad, Fargo, ND, for respondent and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1] Mathew Finch appeals from a district court order related to the administration of the Estate of Janel Finch ("Estate"). Finch argues the court erred in granting Christine Binstock's petition to remove Finch as a co-personal representative from the estate, erred in denying his counter-petition to remove Binstock as co-personal representative, and erred in denying his attorney's fees request. We affirm.

I

[¶2] Finch and Binstock are siblings. On January 17, 2019, their mother, Janel Finch died. In April 2019, an application for informal probate of will and appointment of co-personal representatives was filed in the district court, requesting Finch and Binstock be appointed as co-personal representatives of the Estate. The court entered a statement of informal probate of will and appointed Finch and Binstock as co-personal representatives.

[¶3] In September 2020, Binstock petitioned the district court to remove Finch as co-personal representative, contending he was not performing his duties. Finch objected to Binstock's petition and filed a counter-petition to remove Binstock as co-personal representative. Finch also sought the recovery of attorney's fees under N.D.C.C. § 30.1-18-20, which allows for attorney's fees incurred by a personal representative to be paid from the estate.

[¶4] In December 2020, the district court entered an order denying Finch's petition, granting Binstock's petition, and denying Finch's request for attorney's fees. Finch has appealed from the court's December 2020 order. Generally, before this Court considers the merits of an appeal, we must determine whether this Court has jurisdiction. *In re Estate of Hollingsworth*, 2012 ND 16, ¶ 7, 809 N.W.2d 328. We apply a two-step analysis to decide whether we have jurisdiction:

First, the order appealed from must meet one of the statutory criteria of appealability set forth in N.D.C.C. § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then [N.D.R.Civ.P. 54(b), if applicable,] must be complied with. If it is not, we are without jurisdiction.

*In re Estate of Hollingsworth*, at ¶ 9 (quoting *In re Estate of Stensland*, 1998 ND 37, ¶ 10, 574 N.W.2d 203). This Court has previously held that an order denying a petition to remove a personal representative in an unsupervised estate is appealable under N.D.C.C. § 28-27-02 without a certification under N.D.R.Civ.P. 54(b). *In re Estate of Huston*, 2014 ND 29, ¶ 12, 843 N.W.2d 3; *In re Estate of Shubert*, 2013 ND 215, ¶ 25, 839 N.W.2d 811. As this Court explained in *In re Estate of Shubert*, at ¶¶ 23-24:

> In *Matter of Estate of Starcher*, 447 N.W.2d 293, 295-96 (N.D.1989), this Court discussed the applicability of N.D.R.Civ.P. 54(b) to supervised and unsupervised probates. We recognized each proceeding in an informal unsupervised probate was "independent of any other proceeding involving the same estate." *Starcher*, at 295 (quoting N.D.C.C. § 30.1-12-07). We said "[f]inality in an unsupervised administration requires a concluding order on each petition," and orders in an unsupervised probate are appealable without certification under N.D.R.Civ.P. 54(b), unless they determine some, but not all, of one creditor's claims against an estate. *See Starcher*, 447 N.W.2d at 295-96.
>
> In *In re Estate of Eggl*, 2010 ND 104, ¶¶ 6-9, 783 N.W.2d 36, we considered the appealability of an order interpreting a will in an unsupervised probate. We held the order was appealable without a certification under N.D.R.Civ.P. 54(b) because the order settled all the petitioner's existing claims and their speculation about future claims did not diminish the effect or appealability of the order. *Eggl*, at ¶ 9.

In this case, the district court's December 2020 order resolved Binstock's and Finch's competing petitions to remove the other as a personal representative. The order also resolved Finch's request for attorney's fees under N.D.C.C. § 30.1-18-20. The order constitutes a concluding order on the petitions and resolved all proceedings pending at that time. We therefore conclude the

2

court's December 2020 order is appealable, and this Court has jurisdiction of the appeal under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28-27-01 and 28-27-02.

## II

[¶5]   Generally, "[a] person interested in the estate may petition for removal of a personal representative for cause at any time." N.D.C.C. § 30.1-17-11(1). Section 30.1-17-11(2), N.D.C.C., provides when cause exists:

> Cause for removal exists when removal would be in the best interests of the estate, or if it is shown that a personal representative or the person seeking the personal representative's appointment intentionally misrepresented material facts in the proceedings leading to the personal representative's appointment, or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of the office, or has mismanaged the estate or failed to perform any duty pertaining to the office. Unless the decedent's will directs otherwise, a personal representative appointed at the decedent's domicile, incident to securing appointment of the personal representative or the personal representative's nominee as ancillary personal representative, may obtain removal of another who was appointed personal representative in this state to administer local assets.

[¶6]   A decision on a petition to remove a personal representative rests within the district court's sound discretion. *See In re Estate of Huston*, 2014 ND 29, ¶ 13; *In re Estate of Shubert*, 2013 ND 215, ¶ 27; *see also In re Estate of Hass*, 2002 ND 82, ¶¶ 10, 12, 643 N.W.2d 713. A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *In re Estate of Shubert*, at ¶ 27 (citing *In re Conservatorship of T.K.*, 2009 ND 195, ¶ 10, 775 N.W.2d 496).

[¶7]   Binstock sought removal of Finch as a co-personal representative alleging Finch had failed to perform his duties related to the transfer of estate

property. Finch does not dispute that he declined to sign title documents to transfer a mobile home, declined to sign a personal representative's mineral deed of distribution, and declined to sign paperwork to establish an estate checking account. He argues his actions were "reasonable and justified" and Binstock failed in her co-personal representative duties, including her purported failure to discover all of the decedent's real property interests and respond to his requests for additional information regarding transfers by the decedent prior to her death.

[¶8]   The tension between the co-personal representatives arises as the result of transfers made by the decedent in 2016. Finch argues there are facts and circumstances surrounding the 2016 transactions that warrant the Estate to conduct a full, good-faith inquiry into each transaction. Finch lists various "facts and circumstances" he contends calls the 2016 transactions into question, including: the decedent was suffering from cancer, the treatment "can" and did cause "cognitive issues," the decedent experienced stress from her prognosis, the decedent experienced anxiety and withdrawals from quitting smoking, the decedent abused alcohol, the decedent did not transfer title to the relevant personal property but instead continued to use and possess the property. Finch also contends the decedent's 2001 Will conflicts with the 2016 transactions.

[¶9] In responding to the motion to remove him as a co-personal representative and requesting the removal of Binstock as a co-personal representative, Finch did not seek to set aside the 2016 transactions. Rather, he asserts he was justified in refusing to act until a full, good-faith inquiry into the 2016 transactions had occurred and Binstock's failure to allow or facilitate the inquiry requires her removal as a co-personal representative.

[¶10] Cause for the removal of a personal representative includes circumstances when a personal representative "has become incapable of discharging the duties of the office" and includes circumstances when a personal representative has "failed to perform any duty pertaining to the office." N.D.C.C. § 30.1-17-11(2). The district court made the following finding regarding why the removal of a personal representative was necessary:

4

[I]t is not feasible for [Binstock] and [Finch] to continue to act as co-personal representatives. Regardless of the reason, in terms of working together as a cohesive unit, they have become incapable of discharging the duties of the office and have failed to perform any duty pertaining to the office. Therefore, it is clear to the Court that it must either remove both co-personal representatives or it must remove one or the other of [Binstock] or [Finch] as personal representative.

[¶11] Having determined it necessary to remove one or both of the co-personal representatives, the district court noted that determination of whether to remove Finch, Binstock, or both "turns on the question of whether there is evidence which indicates that the conduct or lack of conduct of [Binstock] and [Finch] is/was warranted." The court found Finch had neither offered nor identified "any direct evidence" that the decedent was unduly influenced or susceptible to such influence. The court held Finch's claims and arguments were at best conclusory. In contrast, the court concluded that Binstock had offered "compelling evidence" the decedent was neither unduly influenced or susceptible to such influence, that the relationship between the decedent and Finch was strained, and that Finch's conduct or lack of conduct was based on the fact he was unhappy with the decedent's decisions.

[¶12] The district court's ultimate findings were that Binstock's conduct had been appropriate and Finch's conduct, or lack of conduct, had been inappropriate. The court thereafter granted Binstock's motion to remove Finch as a co-personal representative and denied Finch's motion to remove Binstock as a co-personal representative. Upon review of the record in this case, we conclude the court's determination of the two motions to remove the other co-personal representative was neither arbitrary, unconscionable, nor unreasonable; correctly interpreted and applied the law; and was the product of a rational mental process leading to a reasoned determination.

## III

[¶13] Finch argues the district court erred in denying his request for attorney's fees. Section 30.1-18-20, N.D.C.C., allows for attorney's fees incurred by a personal representative to be paid from the estate. *See In re Estate of Peterson,*

1997 ND 48, ¶ 25, 561 N.W.2d 618; *In re Estate of Honerud*, 326 N.W.2d 95, 97 (N.D. 1982). This Court has explained that "the personal representative's conduct must have been in good faith, free from fraudulent intent, and for the benefit of the estate." *In re Estate of Peterson*, at ¶ 25.

> A benefit to the estate includes a personal representative's good faith attempts to effectuate the testamentary intent set forth in a facially valid will. The personal representative must seek to give effect to the testamentary intent expressed in a facially valid will regardless whether the personal representative is also a beneficiary under the will.

*Id.* at ¶ 26 (citations omitted). A district court's decision on attorney's fees will not be reversed absent a clear abuse of discretion. *Id.* at ¶ 24.

[¶14] The district court provided extensive findings on why Binstock's assertions were credible and noted the following:

> [Finch] has neither offered nor identified any direct evidence that the decedent was either unduly influenced or susceptible to such influence. Rather, his claims and arguments are conclusory at best. At most, [Finch] raises inferences that such might be the case.

In summarizing its findings and conclusions the court noted the following:

> 1) [Finch] has failed to perform any duty pertaining to the office; 2) his factual and legal positions lack merit; and 3) his conduct or lack of conduct as a co-personal representative has been inappropriate.

Upon review of the record in this case, we conclude the court's denial of Finch's request for a recovery of attorney's fees was neither arbitrary, unconscionable, nor unreasonable, correctly interpreted and applied the law, and was the product of a rational mental process leading to a reasoned determination.

IV

[¶15] The district court did not abuse its discretion in removing Finch as a co-personal representative and denying his request to remove Binstock as a co-

6

personal representative. The court did not abuse its discretion in denying Finch a recovery of attorney's fees.

[¶16] The district court order is affirmed.

[¶17] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte