# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 238

In the Matter of the Estate of William E. Smith, Deceased

| | |
|---|---|
| Scott L. Smith and Kristen J. Hackmann, Personal Representatives, | Petitioners and Appellants |
| v. | |
| Charlene Smith and LeeAllen Smith, | Respondents and Appellees |
| and | |
| David Smith and Jacqueline Walby, | Respondents |

### No. 20210114

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Brandon M. Erickson (argued) and Sarah Aaberg (on brief), Fargo, ND, for petitioners and appellants.

Amy M. Clark, Wahpeton, ND, for respondent and appellee Charlene Smith.

Steven T. Ottmar, Jamestown, ND, for respondent and appellee LeeAllen Smith; submitted on brief.

**Jensen, Chief Justice.**

[¶1] Scott Smith and Kristen Hackmann, co-personal representatives of William Smith's estate, appeal from a February 17, 2021 order denying their post-judgment motions and granting Charlene and LeeAllen Smith's motion to enforce the existing judgment. On appeal, the co-personal representatives argue the district court erred in denying their motions without a hearing and without adequate explanation, erred in granting Charlene and LeeAllen Smith's motion, and erred in awarding attorney's fees against them personally. We affirm.

I

[¶2] William Smith ("the decedent") died in October 2017. Charlene Smith was the wife of the decedent, and LeeAllen is Charlene's son and the decedent's stepson. Two of the decedent's four children from his first marriage, Scott Smith and Kristen Hackmann, were appointed co-personal representatives of the estate pursuant to the decedent's will.

[¶3] On November 14, 2017, the co-personal representatives initiated this proceeding as an informal probate. On November 2, 2018, the district court entered a judgment approving the Inventory and Appraisement, allowing the Final Account, approving the settlement of the estate, and directing distribution of the estate. The judgment included an allowance for "increased administrative and legal fees" and "such other relief as may be proper." A Notice of Entry of the Judgment was filed and served by the co-personal representatives on November 7, 2018. None of the parties initiated an appeal from the November 2, 2018 Judgment.

[¶4] In May 2019, the co-personal representatives filed a supplemental inventory and moved the district court to compel Charlene Smith to accept in-kind distributions and sign titles for the distributions from the estate. Charlene Smith responded by indicating she was willing to accept the in-kind distributions and also requested an accounting for all expenses and receipts

since the accounting provided prior to the entry of the November 2, 2018 Judgment. The co-personal representatives withdrew their pending motion and, with exception of the co-personal representatives' counsel withdrawing from the case, there was no further activity in the court until the summer of 2020.

[¶5]   On June 15, 2020, the co-personal representatives filed an amended inventory and appraisement along with a notice of proposed distribution. Charlene Smith objected to the proposed distribution and filed a motion to compel compliance with the November 2, 2018 Judgment. In response to the motion to compel, the co-personal representatives argued that Charlene Smith had rejected the distribution reflected in the November 2, 2018 Judgment by filing for an elective share, she had no probable cause to challenge the will so the penalty clause in the will had been triggered, and the question of whether she was entitled to a share of the estate remained open. Charlene Smith's assertion of an elective share and challenge to the will were within the litigation between the parties prior to the entry of the November 2, 2018 Judgment. The co-personal representatives sought a temporary restraining order to prevent Charlene Smith from disposing or destroying any property received through the estate proceedings and filed a motion seeking to exclude Charlene Smith and LeeAllen from distributions from the estate.

[¶6]   On July 30, 2020, the co-personal representatives filed and served a notice for a hearing on their motions. The initial date secured by the co-personal representatives was canceled, and a rescheduled hearing date was set for October 13, 2020. The notice for the October 13, 2020 hearing was sent to the parties by the district court and did not specify which of the pending motions would be considered at the hearing. Charlene Smith did not file a notice for a hearing on her motion to compel.

[¶7]   A hearing was held on October 13, 2020. Charlene Smith argued that the 2018 Judgment was final regardless of a provision that left open an increase in legal and administrative fees. The co-personal representatives argued there were mistakes in the 2018 inventory and appraisement and questioned whether the district court should require distributions pursuant to the 2018

2

Judgment, the supplemental inventory, or start over. During the hearing, all of the parties provided argument on the issue of whether the November 2, 2018 Judgment was final. At the conclusion of the hearing, the court noted the following: "These matters—or the Motion to Compel issue, obviously, needs to be decided first." The co-personal representatives did not object to proceeding with arguments on the finality of the November 2, 2018 Judgment.

[¶8] On February 17, 2021, the district court entered its findings of fact and order on the pending motions. The court found, in part, the following:

> The Court finds that the November 2, 2018 Judgment is final, that the Co-Personal Representatives' Rule 65 Ex Parte Motion for Temporary Restraining Order is frivolous, that the Co-Personal Representatives' attempts to circumvent the Judgment by motioning the Court to disinherit Charlene and LeeAllen is frivolous, and that the Co-Personal Representatives have failed to abide by the terms of the November 2, 2018 Judgment by refusing to make distributions ordered therein. The court finds that the Co-Personal Representatives no longer have authority to bring a Rule 65 Motion for Temporary Restraining Order or Motion to Amend Proposed Distribution on behalf of the estate, as the matter was concluded over two years ago.

[¶9] The district court denied the co-personal representatives' motions after finding the motions to be an attempt to circumvent the appeals process to challenge the final judgment entered on November 2, 2018. The court found the November 2018 Judgment was final, the time to appeal the November 2, 2018 Judgment had passed, LeeAllen and Charlene Smith were entitled to their distributions pursuant to the November 2, 2018 Judgment, and the finality of the November 2, 2018 Judgment precluded resolution of the co-personal representatives' post-judgment motions. The court ordered attorney's fees to be paid by the co-personal representatives personally after finding there was no basis in law to support their post-judgment motions and their authority as personal representatives had ceased. The co-personal representatives appealed the court's February 17, 2021 Order.

3

## II

[¶10] Central to resolution of this appeal is whether or not the November 2, 2018 Judgment was a final order in the probate proceedings and, if so, what impact its finality had on the post-judgment motions. We have previously recognized that extensive litigation can convert informal proceedings into formal probate proceedings. *See Estate of Ketterling*, 515 N.W.2d 158, 161-165 (N.D. 1994) (providing a useful comparison of informal probate proceedings to formal probate proceedings and providing examples of when informal proceedings convert to formal probate proceedings). When there are formal probate proceedings, "[o]nce a final judgment or order has been entered approving a final accounting and distribution under N.D.C.C. § 30.1-21-01(1), the estate proceedings are concluded, and the parties are not authorized to file a petition to approve an amended final accounting under the statute." *Estate of Cashmore*, 2010 ND 159, ¶ 14, 787 N.W.2d 261. A final order or judgment entered under N.D.C.C. § 30.1-21-01(1) may include enumerated changes if the effect of those changes upon the overall distribution of the estate is easily calculable and self-explanatory, and does not require entry of a new judgment to effectuate the judgment of the court. *Id*. at ¶ 15.

[¶11] Our cases recognize the lack of clarity of the order may leave a question of whether the district court intended finality. *See e.g., Dixon v. Dixon*, 2021 ND 94, ¶ 15, 960 N.W.2d 764. In this case, the co-personal representatives concede on appeal the November 2, 2018 Judgment was a final order. Although the judgment included an allowance of "increased administrative and legal fees" and "such other relief as may be proper," those enumerated changes were easily calculable and self-explanatory, and did not require entry of a new judgment to effectuate the judgment of the district court. We affirm the court's finding the November 2, 2018 Judgment was final.

## III

[¶12] The co-personal representatives raise two challenges to the granting of the motion to compel and the denial of their motions. First, they argue they were denied a hearing on their motions. Second, because the district court's order was mostly a verbatim adoption of the findings proposed by Charlene

and LeeAllen Smith, they argue the court failed to adequately explain its findings.

## A

[¶13] The co-personal representatives assert they were denied a hearing on their post-judgment motions. We disagree. Pending before the district court was a motion to compel the co-personal representatives' compliance with the November 2, 2018 Judgment and several motions seeking to re-litigate or stop the implementation of the November 2, 2018 Judgment. The court, at the October 13, 2020 hearing noted the following: "These matters—or the Motion to Compel issue, obviously, needs to be decided first." All of the parties were given an opportunity to argue about the finality of the Judgment during the October 13, 2020 hearing. The court's February 17, 2021 Order found the resolution of the motion to compel necessarily required denial of the pending motions to re-litigate or stop the implementation of the Judgment.

[¶14] We conclude the district court did not deny the co-personal representatives an opportunity to be heard. They were provided with an opportunity to address the finality of the November 2, 2018 Judgment during the October 13, 2020 hearing, the ultimate determination of which necessarily compelled the denial of their post-judgment motions. While the court indicated an additional hearing could be necessary depending on the resolution of the motion to compel, having concluded the judgment was final, it became unnecessary for the court to conduct additional proceedings on other post-judgment motions that had become moot.

## B

[¶15] The co-personal representatives assert that the district court failed to explain its decision. They argue the court's adoption of Charlene and LeeAllen Smith's proposed order with minimal modification was improper. They rely on this Court's prior decision in *Ryberg v. Landsiedel*, in which this Court reversed a conclusory order, entered without a hearing, and without evidence in the record. 2021 ND 56, ¶ 18, 956 N.W.2d 749. Charlene and LeeAllen Smith argue this Court should not reverse merely because the district court adopted one

5

party's proposed findings, unless the findings are clearly erroneous, relying on our decision in *Estate of Albrecht*, 2020 ND 27, ¶ 9, 938 N.W.2d 151.

[¶16] While this Court has noted disapproval of a district court's "wholesale adoption of one party's proposed findings and conclusions," we have also noted the following: "The findings will be upheld if they adequately explain the basis for the court's decision, unless they are clearly erroneous." *Albrecht*, 2020 ND 27, ¶ 9. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or this Court is convinced, on the basis of the entire record, that a mistake has been made." *Id*. at ¶ 12.

[¶17] The district court had presided over extensive litigation in this case since the decedent's death in October 2017. The dispositive issue was the finality of the court's own November 2, 2018 Judgment. While the court mostly adopted Charlene and LeeAllen Smith's proposed findings and conclusions, the adopted findings adequately explained the decision. The court found the November 2, 2018 Judgment was a final judgment, that Charlene and LeeAllen Smith were entitled to enforcement of the judgment, and the co-personal representatives' post-judgment motions improperly attempted to circumvent the final judgment. These findings were not induced by an erroneous view of the law, there is evidence in the record to support the findings, and we are not left with a definite and firm conviction a mistake has been made regarding the finality of the November 2, 2018 Judgment. We conclude the findings are not clearly erroneous and reject the co-personal representatives' assertion the court failed to adequately explain its findings.

IV

[¶18] The co-personal representatives argue that the district court abused its discretion in awarding attorney fees to be paid by them personally. Charlene and LeeAllen Smith argue this appeal is frivolous and request attorney fees for having to respond.

A

[¶19] We review an award of attorney's fees for an abuse of discretion. *Estate of Johnson*, 2017 ND 162, ¶ 18, 897 N.W.2d 921 (citing *Estate of Hogen*, 2015 ND 125, ¶¶ 48, 50, 863 N.W.2d 876). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned decision." *Estate of Johnson*, at ¶ 18.

[¶20] The district court found the co-personal representatives' post-judgment motions to be frivolous. We have described sanctions for frivolous pleadings:

> The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 58 (N.D. 1994). A district court has discretion under N.D.C.C. § 28-26-01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees. *See Strand v. Cass Cnty.*, 2008 ND 149, ¶¶ 12-13, 753 N.W.2d 872. "A claim for relief is frivolous under N.D.C.C. § 28-26-01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." *Estate of Dion*, 2001 ND 53, ¶ 46, 623 N.W.2d 720.

*Botteicher v. Becker,* 2018 ND 111, ¶ 18, 910 N.W.2d 861 (quoting *Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775).

[¶21] The co-personal representatives argue they had the duty to carry out the testator's intent, and there was a genuine controversy about the penalty clause of the will in the context of Charlene and LeeAllen Smith's ongoing conduct. They argue N.D.C.C. § 30.1-18-03(1) requires a personal representative to settle and distribute the decedent's estate pursuant to the decedent's will and

7

best interests of the estate. They contend a benefit to the estate is not limited to financial benefits, and may include a personal representative's good faith attempts to effectuate the testamentary intention set forth in the decedent's will. *Estate of Flaherty*, 484 N.W.2d 515, 518 (N.D. 1992).

[¶22] Regarding personal representatives being compensated for attorney's fees from the estate, this Court has said:

> The purpose and public policy underlying these statutes is to allow the personal representative, as a fiduciary acting on behalf of persons interested in an estate, to in good faith pursue appropriate legal proceedings without unfairly compelling the representative to risk personal financial loss by underwriting the expenses of those proceedings.

*Estate of Flaherty*, 484 N.W.2d at 518 (citation omitted). However, the powers of a personal representative are not limitless and, "[i]f the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of the personal representative's fiduciary duty . . . ." N.D.C.C. § 30.1-18-12.

[¶23] The district court provided the following summary in granting the request for attorney fees:

> **Attorney's Fees**. Charlene and LeeAllen were awarded property pursuant to the November 2, 2018 Judgment. There is no basis in fact or law that exists to support the Co-Personal Representatives' Motions nearly two years after Judgment was entered. As a matter of law, their authority to bring such motions has ceased. The November 2, 2018 Judgment is final, the appeal period has long passed, the probate action is done, and Charlene and LeeAllen are entitled to their distributions. The Co-Personal Representatives have no basis to interfere with Charlene and LeeAllen's property rights, or to attempt to unilaterally modify the distributions previously approved by the Court. The Co-Personal Representatives' motions are frivolous, and Charlene and LeeAllen are entitled to their attorneys fees for having to respond to the same. Charlene is further entitled to her attorneys fees incurred

8

in bringing her Motion to Compel distribution of the property awarded to her by the November 2, 2020 Judgment.

[¶24] The district court found the co-personal representatives' actions had been frivolous, lacking a basis in both law and fact, and were a unilateral attempt to modify the distributions previously ordered by the court. After reviewing the record and the court's reasoning for awarding the attorney fees, we conclude the court did not act in an arbitrary, unreasonable, or unconscionable manner, did not misinterpret or misapply the law, and its determination was the product of a rational process leading to a reasoned decision, and therefore the court did not abuse its discretion. In light of the court's determination to impose liability directly upon personal representatives for the improper use of their power under N.D.C.C. § 30.1-18-12, we conclude the court did not abuse its discretion in imposing the liability on the co-personal representatives personally.

### B

[¶25] Charlene and LeeAllen Smith seek an award of attorney fees on appeal. The decision whether to administer sanctions rests within the discretion of this Court. *Industrial Comm'n v. Noack*, 2006 ND 195, ¶ 6, 721 N.W.2d 698. We decline the invitation to award attorney's fees on appeal.

### V

[¶26] The November 2, 2018 Judgment is final. The co-personal representatives were provided with a hearing and opportunity to argue on the issue that was dispositive of their pending motions and the district court's findings were not clearly erroneous. The court did not abuse its discretion in awarding attorney fees against the co-personal representatives personally after finding their post-judgment motions to be frivolous, lacking basis in law

9

and fact, and a unilateral attempt to modify the court's previous order distributions. We decline to impose attorney fees for this appeal. The February 17, 2021 order of the district court is therefore affirmed.

[¶27] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte