# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 52

Dr. Jacob Schmitz,                                        Plaintiff and Appellant

     v.

North Dakota State Board of
Chiropractic Examiners,                          Defendant and Appellee

### No. 20210273

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

REVERSED IN PART AND REMANDED.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers and Tufte joined. Justice McEvers filed an opinion concurring in part and dissenting in part. Justice VandeWalle filed a dissenting opinion.

Michael J. Geiermann, Bismarck, ND, for plaintiff and appellant.

Matthew A. Sagsveen, Solicitor General, Office of the Attorney General, Bismarck, ND, for defendant and appellee.

**Schmitz v. State Board of Chiropractic Examiners**
**No. 20210273**

**Jensen, Chief Justice.**

[¶1] Dr. Jacob Schmitz appeals from a district court judgment ordering the State Board of Chiropractic Examiners to disclose a limited portion of a recording from an April 2020 executive session of the Board, denying the disclosure of any portion of a May 2020 executive session, and the denial of his motion for attorney's fees. We decline to address Dr. Schmitz's allegation that his right to due process was violated by the in-camera review because it was not properly preserved, reverse the denial of attorney's fees, and remand for additional portions of the executive sessions to be disclosed to Dr. Schmitz and for a determination of an appropriate award of attorney's fees.

I

[¶2] In June 2020, Dr. Schmitz commenced this lawsuit, alleging that the Board violated the law regarding access to public records and meetings. *Schmitz v. State Bd. of Chiropractic Exam'rs*, 2021 ND 73, 958 N.W.2d 496 ("*Schmitz I*"). The district court dismissed the case after finding the complaint failed to state a claim upon which relief could be granted. This Court reversed, concluding the complaint contained specific allegations against the Board relating to access to public records and meetings. *Id*. The case was remanded for an in-camera review of the executive session recordings to decide whether the executive sessions went beyond the scope of attorney consultation or attorney work product. *Id*.

[¶3] On remand, the district court conducted an in-camera review and ordered the Board to disclose a portion of the April 2020 executive session recording. The court found the recording from the May 2020 executive session did not require any disclosure. The court subsequently denied Dr. Schmitz's motion for attorney's fees, concluding that initiating a civil action instead of an administrative review resulted in attorney's fees that could have been avoided and Dr. Schmitz had only prevailed in securing the disclosure of a limited amount of material.

[¶4] Dr. Schmitz argues the in-camera review is unconstitutional. Dr. Schmitz concedes the term "in-camera" is not ambiguous, but argues the application of in-camera review to his case deprives him of his constitutional right to due process.

[¶5] In the prior appeal, this Court remanded this case to the district court with the following instructions:

> Accordingly, after an in camera review, to the extent the district court determines on remand that the recordings of the executive sessions, or discussion therein, went beyond the scope of attorney consultation or attorney work product, we direct the court to require disclosure of the recordings or discussion to only those matters not exempt under the law.

*Schmitz*, 2021 ND 73, ¶ 14. An in-camera inspection involves "[a] trial judge's private consideration of evidence." *Black's Law Dictionary* 909 (11th ed. 2019). Dr. Schmitz did not petition this Court for either clarification or modification of our directive to the district court to conduct an in-camera review. On remand, the district court conducted an in-camera review as mandated in *Schmitz I* and subsequently ordered a portion of the April 2020 executive session recording be disclosed to Dr. Schmitz.

[¶6] This Court has explained:

> [T]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings. Under the law of the case doctrine, a party may not, in the same case with the same facts, relitigate issues that were decided in a prior appeal or issues which would have been resolved had they been properly presented in the first appeal. The law of the case doctrine is based upon the theory of res judicata, and is grounded on judicial economy to prevent piecemeal and unnecessary appeals.

*Ring v. N.D. Dep't of Human Servs.*, 2021 ND 151, ¶ 5, 963 N.W.2d 255 (cleaned up). Our mandate following the first appeal directed the district court to

conduct an in-camera review. Dr. Schmitz concedes the meaning of "in-camera" in the context of our prior decision is unambiguous. Our directive to the court to conduct an in-camera review is the law of the case and we conclude Dr. Schmitz's challenge of the in-camera review is not properly before the Court on this appeal.

## III

[¶7] Following oral argument, we requested supplemental briefing from the parties regarding the application of N.D.C.C. § 44-04-19.1(5) to this case. Section 44-04-19.1(5), N.D.C.C., provides an open records exemption for "attorney consultation." The subsection provides:

> "Attorney consultation" means any discussion between a governing body and its attorney in instances in which the governing body seeks or receives the attorney's advice regarding and in anticipation of reasonably predictable or pending civil or criminal litigation or adversarial administrative proceedings or to receive its attorney's advice and guidance on the legal risks, strengths, and weaknesses of an action of a public entity which, if held in public, would have an adverse fiscal effect on the entity. All other discussions beyond the attorney's advice and guidance must be made in the open, unless otherwise provided by law. Mere presence or participation of an attorney at a meeting is not sufficient to constitute attorney consultation.

[¶8] We asked the parties to brief whether the definition of "attorney consultation" is ambiguous, and if so, what the meaning and scope is in this case. We also requested the parties brief the meaning of "adverse fiscal effect" and whether the phrase "which, if held in public" modifies the entire subsection.

[¶9] "Statutory interpretation is a question of law, fully reviewable on appeal." *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894 (quoting reference omitted). "The primary purpose of statutory interpretation is to determine legislative intent." *Id.* (citing reference omitted). "Words in a statute are given their plain, ordinary, and commonly understood meaning, unless

defined by statute or unless a contrary intention plainly appears." *Id.* (citing N.D.C.C. § 1-02-02).

[¶10] Section 44-04-19.1(5), N.D.C.C., is unambiguous. It provides two, separate avenues for a governing body to consult with its attorney or receive legal advice in a closed meeting. A governing body may close an open meeting: (1) when it seeks or receives the attorney's advice regarding and in anticipation of reasonably predictable or pending civil or criminal litigation, or an adversarial administrative proceeding; or (2) to receive its attorney's advice on the legal risk, strengths, and weaknesses of an action of a public entity which, if held in public, would have an adverse fiscal effect on the entity. The next two sentences following the attorney consultation exemption provide a directive that all other discussions beyond the attorney's advice and guidance must be made in the open, unless there is another exception, and a qualification that mere presence or participation of an attorney at a meeting does not constitute attorney consultation.

[¶11] In 2017, section 44-04-19.1(5), N.D.C.C., was amended as follows:

> 5. "Attorney consultation" means any discussion between a governing body and its attorney in instances in which the governing body seeks or receives the attorney's advice regarding and in anticipation of reasonably predictable **or pending** civil or criminal litigation or adversarial administrative proceedings or ~~concerning pending civil or criminal litigation or pending adversarial administrative proceedings~~ **to receive its attorney's advice and guidance on the legal risks, strengths, and weaknesses of an action of a public entity which, if held in public, would have an adverse fiscal effect on the entity. All other discussions beyond the attorney's advice and guidance must be made in the open, unless otherwise provided by law**. Mere presence or participation of an attorney at a meeting is not sufficient to constitute attorney consultation.

The fact that the latter clause of the first sentence was added at one time demonstrates that this clause is independent of the former clause in the sentence. The plain language of the section, as shown by the construction of

4

the sentence, establishes that "adverse fiscal effect" only modifies the portion of the subsection added by the legislature in 2017.

[¶12] The Board discussed with its attorney and received the attorney's advice regarding adversarial administrative proceedings against Dr. Schmitz. Those discussions fall within the first exception from disclosure for attorney consultation. We accordingly need not apply the latter half of the subsection dealing with an "adverse fiscal effect."

IV

[¶13] Dr. Schmitz challenges his continued lack of access to the Board's executive sessions recordings. This Court has previously exercised its discretion to review materials the district court inspected in-camera. *See Reems on Behalf of Reems v. Hunke*, 509 N.W.2d 45 (N.D. 1993); *Muraskin v. Muraskin*, 336 N.W.2d 332 (N.D. 1983).

[¶14] While this Court has previously exercised its powers to review a district court's in-camera review, we have not explicitly stated our standard of review when we do so. In *Reems on Behalf of Reems*, this Court treated the in-camera review as a discovery request, and utilized an abuse of discretion standard of review on appeal. 509 N.W.2d at 48. We adopt and apply the abuse of discretion standard for the in-camera review by a district court for the determination of whether documents are exempt from disclosure following an open records request. One type of abuse of discretion is when the district court misapplies or misinterprets the law. *Estate of Smith*, 2021 ND 238, ¶ 19, 968 N.W.2d 157 (quoting *Estate of Johnson*, 2017 ND 162, ¶ 18, 897 N.W.2d 921).

[¶15] Having reviewed the recordings, we conclude the district court misapplied the law in not disclosing certain portions of the recordings. Certain undisclosed portions of the recordings do not fit within the definition of attorney consultation in N.D.C.C. § 44-04-19.1(5), as the Board was, at certain points, discussing the proceeding without consulting with its attorney or seeking her guidance on the adversarial proceeding. Because "mere presence" of the attorney at the meeting is not enough for attorney consultation, and "[a]ll other discussions beyond the attorney's advice and guidance must be made in

5

the open," we conclude certain portions of the recording must be made public and available to Dr. Schmitz. We accordingly remand to the district court with instructions for the following additional portions of the recordings be made public and disclosed to Dr. Schmitz:

| Date of Executive Session | Start of Recording to be Disclosed | End of Recording to be Disclosed |
| --- | --- | --- |
| April 29, 2020 | 0:46 | 1:20 |
| April 29, 2020 | 3:54 | 4:40 |
| April 29, 2020 | 27:32 | 28:06 |
| April 29, 2020 | 46:54 | 47:12 |
| April 29, 2020 | 56:29 | 59:00 |
| April 29, 2020 | 1:03:18 | 1:04:00 |
| April 29, 2020 | 1:29:17 | 1:33:00 |
| May 21, 2020 | 21:58 | 22:40 |
| May 21, 2020 | 24:40 | 26:36 |
| May 21, 2020 | 30:32 | 36:14 |

V

[¶16] Dr. Schmitz asserts the district court abused its discretion in denying his request for attorney's fees. We review the award or denial of attorney's fees under an abuse of discretion standard of review. *Estate of Finch*, 2021 ND 159, ¶ 13, 963 N.W.2d 754. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental

process leading to a reasoned decision." *Estate of Smith*, 2021 ND 238, ¶ 19 (quoting *Estate of Johnson*, 2017 ND 162, ¶ 18).

[¶17] Dr. Schmitz initiated this action asserting a violation of North Dakota's "open records" laws as provided by N.D.C.C. §§ 44-04-17.1 et. seq. Under N.D.C.C. § 44-04-21.2(1), if the district court finds a violation of open records or meetings laws by a public entity, the court "may award . . . reasonable attorney's fees against the entity." The Board concedes the court found a violation. The Board has not appealed the finding of a violation.

[¶18] The district court denied the request for attorney's fees, finding Dr. Schmitz's decision to immediately commence a civil action rather than seeking an administrative remedy from the attorney general weighed against an award. The court found the initiation of a civil action without seeking administrative relief resulted in a "substantial amount of attorney's fees that could have been avoided." The court further found Dr. Schmitz had prevailed with regard to only portions of one recording and not both recordings in their entirety as violations of open meetings laws.

[¶19] North Dakota law provides two separate processes when there is an alleged open records violation. First, a party may initiate an administrative challenge to a public entity's alleged violation of open records and meetings by requesting an opinion from the attorney general. *See* N.D.C.C. § 44-04-21.1. Second, an interested person may initiate a civil action in the district court. *See* N.D.C.C. § 44-04-21.2. The statutes do not require an interested party to seek an administrative remedy through the attorney general before initiating a civil action.

[¶20] The two separate processes provide different outcomes for attorney's fees. When a party initiates a civil action under N.D.C.C. § 44-04-21.2, the district court has the discretion to award attorney's fees. By contrast, when a party first initiates the administrative review procedure, the entity fails to take action, and the party then prevails in a civil action, the prevailing party must be awarded attorney's fees under N.D.C.C. § 44-04-21.1. *Compare* N.D.C.C. § 44-04-21.2 (If the district court finds a violation by a public entity,

7

the court "may award . . . reasonable attorney's fees against the entity."), *with* N.D.C.C. § 44-04-21.1 ("If the public entity fails to take the required action . . . and the person requesting the opinion prevails in a civil action [under N.D.C.C. § 44-04-21.2], the person must be awarded costs, disbursements, and reasonable attorney's fees in the action and on appeal.").

[¶21] A court has discretion to award attorney's fees for a violation of the open records and meetings laws when a party first initiates a civil action rather than an administrative review. N.D.C.C. § 44-04-21.2. In this case, the district court acknowledged there had been a violation, but found that because Dr. Schmitz had only prevailed in securing access to a portion of the April 2020 executive session of the Board and none of the May 2020 executive session, and attorney's fees could have been avoided if he initiated an administrative review instead, attorney's fees should be denied.

[¶22] We conclude the district court abused its discretion in denying Dr. Schmitz a recovery of reasonable attorney's fees in this proceeding. North Dakota law allows a direct action to be commenced in the district court for an alleged violation of open records or meetings. North Dakota law also permits an award of attorney's fees when there has been a violation. In this case, there was a violation. The district court's order, in essence, penalized Dr. Schmitz for initiating a civil action rather than an administrative action and failing to prevail in his attempt to receive more information. While the statutory language does not mandate an award of attorney's fees in every civil action where a party prevails in bringing forth a civil action for an open records violation, we conclude the party's choice in the type of action to bring and how much information they receive are not rational considerations in deciding whether to award attorney's fees. We accordingly reverse for the district court to enter an award of attorney's fees to Dr. Schmitz and remand for a determination of the appropriate award of attorney's fees.

VI

[¶23] The challenge to the district court's in-camera review is not properly before this Court. The district court abused its discretion in denying the recovery of attorney's fees. We decline to address whether there was a due

8

process violation in the in-camera review given our law of the case, reverse the denial of Dr. Schmitz's motion for attorney's fees, and remand for additional portions of the executive sessions to be disclosed to Dr. Schmitz and for a determination of an appropriate award of attorney's fees.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte

**McEvers, concurring in part and dissenting in part.**

[¶25] I concur in the majority opinion, except certain portions of the table in Part IV, holding additional portions of the recording be made public and disclosed to Dr. Schmitz. *See* Majority, at ¶ 15.

[¶26] I agree with the majority that the board cannot use the executive session to discuss matters that are not attorney consultation. The majority holds a number of the discussions held by the board go beyond the definition of attorney consultation. Majority, at ¶ 15. With all due respect to the majority, I view the attorney consultation more broadly. The pertinent portion of the definition under N.D.C.C. § 44-04-19.1(5), provides:

> "Attorney consultation" means *any* discussion between a governing body and its attorney in instances in which the governing body seeks or receives the attorney's advice regarding and in anticipation of reasonably predictable or pending civil or criminal litigation or adversarial administrative proceedings. . . . All other discussions beyond the attorney's advice and guidance must be made in the open, unless otherwise provided by law. Mere presence or participation of an attorney at a meeting is not sufficient to constitute attorney consultation.

(Emphasis added). It is my position that the board may need to articulate its understanding of what is before them before they may be able to consult or ask a question of its attorney. We should not reduce executive sessions to a game of "legal jeopardy" where every comment or response must be made in the form of a question to qualify as attorney consultation. *See In re City of Galveston,* No. 14-14-01005-CV, 2015 WL 971314, at *4-5 (Tex. App. Mar. 3, 2015)

9

(discussing attorney consultation under the Texas Open Meeting law, stating the means by which a governmental body solicits and receives legal advice from its attorney does not necessarily follow a formulaic construct, and concluding the conveyance of factual information or the expression of opinion or intent by a member of a governmental body may be appropriate in a closed meeting if the statement is to facilitate the rendition of legal advice).

[¶27] For example, in the April 29 proceeding, the majority requires disclosure from 0:46-1:20, which is an unidentified speaker summarizing their thoughts on how the closed session will be conducted and noting the board members may have questions for the attorney and asking the attorney whether that is an acceptable way to proceed. The majority discloses the summary, but protects the response from the attorney. In my view, the board should not be so constrained when asking the attorney the proper way to proceed. I agree with the district court that this portion of the recording need not be disclosed.

[¶28] The majority also requires disclosure from 3:54 to 4:40 of the April 29 meeting. In this portion, an identified board member summarizes and makes comments on the ALJ's proposed summary judgment order. While I concede this is a closer call, a few seconds later the board member asks a question of the attorney, so I would view this summary as part of what is necessary to consult and ask the question. I agree with the district court that this portion of the recording need not be disclosed. Similarly, the majority requires disclosure from 46:54 to 47:12. Part of what is required to be disclosed is the response of the executive director of the board to a board member's question for information, indicating she does not have the information, and then asking the board's attorney if she has it. Her response is the reason for the consultation, which has been protected, and I would also protect the executive director's response to the board member.

[¶29] Because some of the discussion by the board included a summary of factual information by a board member that was necessary to facilitate the soliciting of legal advice, I would not disclose as much information as the majority.

[¶30] Lisa Fair McEvers

**VandeWalle, Justice, dissenting.**

[¶31] I agree with much of what Justice McEvers has written in her concurrence and dissent. However, I would go further and establish a somewhat "bright line" test for whether or not the information constitutes open records. I believe that the majority places too much emphasis on the "[m]ere presence or participation of an attorney" portion of the statute as justification for requiring that all conversations be directed to the attorney. I submit the statutory provision is to prevent the public entity from having an attorney present at the meetings with no real purpose of consultation given between the attorney and the public entity. Therefore I would conclude all statements made at the meeting with the attorney must at least pertain to the subject for which consultation with the attorney was established and should be protected from disclosure.

[¶32] The Board has not cross-appealed and therefore I would affirm the decision of the district court.

[¶33] Gerald W. VandeWalle