# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 132

Lance Hagen,

Petitioner and Appellant

v.

North Dakota Insurance Reserve Fund,

Respondent and Appellee

### No. 20230025

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

REVERSED.

Opinion of the Court by Jensen, Chief Justice, in which Justice Tufte joined. Justice Bahr filed a concurring opinion. Justice Crothers filed an opinion dissenting, in which Justice McEvers joined.

William J. Behrmann, Bismarck, ND, for petitioner and appellant; submitted on brief.

Zachary E. Pelham and Kirsten Tuntland, Bismarck, ND, for respondent and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Lance Hagen appeals from a district court's judgment concluding certain documents belonging to North Dakota Insurance Reserve Fund ("NDIRF") were exempt from release under the potential liability exception outlined in N.D.C.C. § 44-04-19.1(8). Hagen argues the court abused its discretion by finding NDIRF itself faced potential liability because its members could face potential liability, and because the court discussed the fiscal effect of a disclosure on NDIRF, which Hagen argues exceeded the scope of this Court's remand order in *Hagen v. North Dakota Insurance Reserve Fund*, 2022 ND 53, 971 N.W.2d 833. Because we conclude the potential liability exception under N.D.C.C. § 44-04-19.1(8) does not apply to any of the documents determined by the district court to be exempt, we reverse.

I

[¶2]   Hagen filed a public records request related to a condemnation case he was a party to involving the City of Lincoln and NDIRF. Hagen sought to determine how the City of Lincoln and NDIRF spent approximately $1.1 million dollars on litigation costs defending the action. NDIRF did not produce all requested records, and the parties sought relief from the district court. That case was finalized and all appeals exhausted in *Lincoln Land Development, LLP v. City of Lincoln*, 2019 ND 81, 924 N.W.2d 426.

[¶3]   The district court granted a portion of Hagen's petition and ordered NDIRF to disclose certain documents, but found others were protected. The judgment was appealed, and this Court remanded because it could not discern whether the district court applied the potential liability exception under the second prong of N.D.C.C. § 44-04-19.1(8), which protects public entities from disclosing attorney work product regarding potential liability, or applied a more general opinion work product theory. *Hagen,* 2022 ND 53, ¶ 26. This Court ordered the district court to decide whether certain documents belonging to NDIRF reflected the mental impressions, opinions, conclusions, or legal

theories that would subject NDIRF to potential liability under the second prong of N.D.C.C. § 44-04-19.1(8). *Hagen*, at ¶ 27.

[¶4] While on remand, the district court issued an order concluding NDIRF was required to produce 35 out of 76 requested documents. Approximately 41 documents were found exempt from disclosure by the court under the potential liability exception within N.D.C.C. § 44-04-19.1(8).

II

[¶5] Hagen argues the district court's findings lack specificity and "simply parrot the language of N.D.C.C. § 44-04-19.1(8) with no substantive analysis." Hagen further contends the attorney work product connected to *City of Lincoln*, 2019 ND 81, would never relate to potential liability for NDIRF itself because NDIRF's role is only to represent the legal needs of its member agencies.

[¶6] This Court reviews a district court's review of in-camera documents for an abuse of discretion. *Schmitz v. N.D. State Bd. of Chiropractic Exam'rs*, 2022 ND 52, ¶ 14, 971 N.W.2d 892. "We adopt and apply the abuse of discretion standard for the in-camera review by a district court for the determination of whether documents are exempt from disclosure following an open records request." *Id*. A district court abuses its discretion when it misapplies or misinterprets the law. *Id*. Additionally, a district court's findings of fact should be specific enough to allow an appellate court to understand the basis for its decision. *Datz v. Dosch*, 2013 ND 148, ¶ 9, 836 N.W.2d 598.

[¶7] Both constitutional and statutory law protect the people's right to access and inspect public records:

> Unless otherwise provided by law, all records of public or governmental bodies, boards, bureaus, commissions, or agencies of the state or any political subdivision of the state, or organizations or agencies supported in whole or in part by public funds, or expending public funds, shall be public records, open and accessible for inspection during reasonable office hours.

N.D. Const. art. XI, § 6. This provision is codified into statutory code under N.D.C.C. § 44-04-18. While attorney work product is generally exempt from public disclosure, it may be accessed once litigation ends unless certain exceptions apply. *See* N.D.C.C. § 44-04-19.1(1) and (6). North Dakota statute defines these exceptions as follows:

> Following the final completion of the civil or criminal litigation or the adversarial administrative proceeding, including the exhaustion of all appellate remedies, attorney work product must be made available for public disclosure by the public entity, unless another exception to section 44-04-18 applies or if disclosure would have an adverse fiscal effect on the conduct or settlement of other pending or reasonably predictable civil or criminal litigation or adversarial administrative proceedings, or *the attorney work product reflects mental impressions, opinions, conclusions, or legal theories regarding potential liability of a public entity*.

N.D.C.C. § 44-04-19.1(8) (emphasis added). The latter exception is referred to as the "potential liability exception" and differs from "opinion work product" in that the exception can only apply to potential liability of a public entity. *Hagen*, 2022 ND 53, ¶ 26. A district court's conclusion that attorney work product meets the "potential liability exception" must include a finding that "the records relate to circumstances for which there remains a genuine potential for liability[.]" *Id.* at ¶ 27. We also clarified that "past liability cannot form the basis for the potential liability exception." *Id.* "If the potential for liability is entirely in the past, the record is no longer exempt." *Id.*

[¶8] During the remand proceeding, NDIRF asserted it was currently defending 8 condemnation cases, has a history of defending approximately 80 similar cases since 2005, and the release of certain attorney work product documents would reflect "mental impressions, opinions, conclusions" and "legal theories regarding potential liability" of those future cases. N.D.C.C. § 44-04-19.1(8). The district court found, "[D]ocuments which discuss possible settlement could be used against [NDIRF's] interests in future condemnation proceedings." The court further explained, "[T]he requirement to produce the documents in this case would have an adverse impact on NDIRF by opening up settlement offer ranges and thresholds, and litigation and negotiation

3

strategies to opposing parties in current and future matters similarly situated."

[¶9] We conclude the documents—including documents that discuss settlement ranges for litigation that is completely resolved—do not create a potential for liability toward NDIRF. While NDIRF has a legal duty to defend condemnation cases, regularly does so on behalf of member agencies, and will likely defend condemnation cases in the future, the documents here do not relate to circumstances for which there remains a genuine potential for liability toward NDIRF or its members. The potential for liability regarding these documents lies entirely in the past. The district court misconstrues the standard set forth in the potential liability exception by finding that because NDIRF may experience an "adverse impact" through the release of "litigation and negotiation strategies" that this creates a potential for liability. The "litigation and negotiation strategies" contained in the disputed documents were case-specific to litigation that has already occurred and do not create a genuine potential for liability. To the extent the court used this justification as its reason for non-disclosure, the court misapplied the exception and abused its discretion. We reverse the court's judgment and order the 41 previously exempted documents be released pursuant to N.D.C.C. § 44-04-19.1(8).

III

[¶10] It is unnecessary to decide whether the district court abused its discretion by exceeding the scope of this Court's remand in *Hagen* as that issue is not relevant to our decision today. The district court abused its discretion when it found 41 records were exempt from disclosure. The judgment is reversed.

[¶11] Jon J. Jensen, C.J.
     Jerod E. Tufte

**Bahr, Justice, concurring.**

[¶12] I join the majority opinion because the district court erred in concluding the potential liability exception in N.D.C.C. § 44-04-19.1(8) applies to the 41

4

documents the court held exempt from disclosure, and because *Hagen v. North Dakota Insurance Reserve Fund*, 2022 ND 53, 971 N.W.2d 833, is the law of the case. *See Matter of Rose Henderson Peterson Min. Tr. dated Mar. 26, 1987*, 2022 ND 92, ¶¶ 11-13, 974 N.W.2d 372 (discussing the law of the case doctrine). I was not a member of the Court when *Hagen* was decided and take no position regarding whether *Hagen* was correctly decided.

[¶13] Douglas A. Bahr

**Crothers, Justice, dissenting.**

[¶14] I respectfully dissent for the reasons stated in my dissent in *Hagen v. North Dakota Insurance Reserve Fund*, 2022 ND 53, ¶¶ 32-43, 971 N.W.2d 833.

[¶15] Daniel J. Crothers
Lisa Fair McEvers